C. F. SINGMASTER *et al.*, *Appellants*, v. S. F. BECKETT,
*Appellee.*

No. 17,451.

, HEADNOTE BY THE REPORTER.

PRINCIPAL AND AGENT—*Violation of Instructions by Salesman—
Damages.* Objections to instructions and to rulings relating
to evidence are stated but not sustained. It is held that the
question of fact was fairly presented and the verdict upon
conflicting evidence is decisive of the controversy.

Appeal from Johnson district court. Opinion filed
February 10, 1912. Affirmed.

*J. W. Parker,* for the appellants.

*F. R. Ogg,* for the appellee.

*Per Curiam:* This action is for damages against a
salesman of horses caused by his alleged failure. to
follow instructions. The appellants were engaged in
the business of selling horses. They employed the
appelee to make sales for them in Texas and New
Mexico on commission. He was directed to proceed
to different points to which horses were shipped,
and there organize companies of purchasers — the
purchasers taking shares in the respective com-
panies, amounting in the aggregate to the price for
which the shareholders gave their promissory notes
payable to the order of the appellants. The appellee
was instructed to take notes that were "forcibly" good
and to sell to men that had property above their ex-
emptions. He sold several horses under this plan, and
took notes which were forwarded to the appellants.
About five months after this business was commenced,
a horse was shipped to Fort Worth and from thence by
direction of the appellee to Plainview, Tex. It was not
sold but was reshipped to Fort Worth, where the ap-
pellants received it, and no further business was done

under the contract.  Damages are sought for losses upon notes found to be uncollectible and for railroad fares, hotel bills, and freight paid on reshipment of the last horse.

The claims for damages are predicated on the failure of the appellee to observe the instructions quoted above. The evidence shows that some of the notes were not paid and compromises were made and settlements effected for considerably less than was due.  Errors are assigned in the instructions, and in rulings concerning evidence.  It is not contended that the verdict is not sustained by the evidence.  After stating the issues the jury were instructed that:

"The burden is upon the plaintiffs to prove by a preponderance of the evidence all the material allegations of their petition; which are that plaintiffs were engaged as partners, as alleged in the petition, and that they employed the defendant, and the terms of his employment, and that in violation of the terms of his employment the defendant wrongfully did the acts complained of in the several counts of the plaintiffs' petition, and the amount of the damage which plaintiffs have suffered thereby."

It is insisted that the word "wrongfully" should not have been used—that by this expression the jury were led to suppose that it was not sufficient to prove that the instructions were violated, but that something more must be shown.  From the statement of the issues, however, in a preceding instruction the jury must have understood that to "wrongfully" do the acts complained of only meant doing them contrary to directions.

An instruction which informed the jury that if under the directions given him the defendant was to exercise his own judgment as to the parties to whom sales should be made, and the sufficiency of the notes taken, and he made reasonable inquiry and exercised his best judgment, then he would not be liable for error in judgment.  It is argued that the liability rests upon the violation of the contract, and that the doctrine of

reasonable care and judgment has no application; but certainly the directions given implied care and inquiry in observing them. How otherwise could the salesman decide that the securities met the conditions imposed? The court correctly said to the jury that if the defendant violated his instructions in taking notes which he knew or in the exercise of reasonable diligence might have known were given by irresponsible parties he would be liable, thus emphasizing the importance of observing the directions. The reference to his best judgment in connection with the diligence required of him, and repetitions of the term, also objected to, were made in the same connection, and if unnecessary were not prejudicial.

Another instruction was given to the effect that the appellee would not be liable for losses caused by the insolvency of parties if their names had been given by the appellants as persons to whom sales should be made. It is said that there was no evidence upon which to base this instruction. The testimony of appellee is that "McKinstry wanted me to go and sell another horse. He gave me the names of the three men to whom I sold, Cone, Bodenhamer and Tanner." There was also testimony that the name of a helper was furnished by appellants. Helpers it seems became members of companies organized to purchase and were given credits or otherwise favored. The purpose for which the names were furnished was for the jury.

The rulings concerning the reception of evidence are found to be free from any error that could have been harmful to the appellants.

The question of fact was fairly presented and the verdict upon conflicting evidence decides the controversy.

The judgment is affirmed.